UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>LEANTHONY PALMER,<br><br>                    Defendant(s). | CASE NO. CR25-0206-KKE<br><br>ORDER GRANTING MOTION TO<br>CONTINUE THE TRIAL DATE |

The Court has considered a motion to continue the trial date filed by Defendant's counsel over Defendant's objection, which is not opposed by the Government. Dkt. No. 44. The grand jury recently issued a superseding indictment adding additional charges (Dkt. No. 38), and the Government produced discovery consisting of 19,941 files related to both the original and new charges on May 11, 2026. Dkt. No. 44 at 2. Additional production is expected. *Id.* Trial is currently set for June 22, 2026, and defense counsel requests an approximately three-month continuance to allow him to prepare for trial in this complex case. *Id*. at 2–3.

The Court conducted a hearing on May 15, 2026, and makes the following findings:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny defense counsel the reasonable time necessary to effectively prepare, due to counsel's need for additional time to review the evidence, consider possible defenses, complete

investigations, plan the defense, draft motions, and prepare for trial, as set forth in Title 18, United States Code, Section 3161(h)(7)(B)(iv).

2. A failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as set forth in Title 18, United States Code, Section 3161(h)(7)(B)(i).

3. The additional time requested is a reasonable period of delay, as defense counsel has requested more time to prepare for trial, to complete investigations, and to gather evidence and material related to the defense.

4. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interest of the public and the Defendant in any speedier trial, as set forth in Title 18, United States Code, Section 3161(h)(7)(A), Title 18, United States Code, Section 3161(h)(7)(b)(i), (iv).

5. The additional time requested between the current trial date of June 22, 2026, and the new trial date is necessary to provide defense counsel the reasonable time necessary to prepare for trial.

6. Although the Defendant disagrees with his counsel's motion and would prefer to start trial as soon as possible, his objections are overruled.  As discussed at the hearing, this case is complex, with voluminous ongoing discovery and recently added charges, and the Defendant faces serious potential penalties.  Counsel requires additional time to adequately prepare, and under these circumstances, the Court finds that a continuance is warranted.  *See* 18 U.S.C. § 3161(h)(7)(A).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for continuance (Dkt. No. 44) filed by the Defendant's counsel GRANTED.  The trial date is hereby continued from June 22, 2026, to September 21, 2026.  Pretrial motions, including motions in limine, are due no later than August 12, 2026.

ORDER GRANTING MOTION TO CONTINUE THE TRIAL DATE - 2

IT IS FURTHER ORDERED that the time between the date of this order and the new trial date of September 21, 2026, is excluded in computing the time within which a trial must be held, under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

Dated this 15th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO CONTINUE THE TRIAL DATE - 3